**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES DEMARCO BOGAN BEY, | : | HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| STATE OF GEORGIA et al., | : | 1:12-CV-1646-TWT-ECS |
|     Respondents. | : | |

**FINAL REPORT AND RECOMMENDATION**

James DeMarco Bogan Bey is in pretrial detention in the Fulton County Jail. Proceeding pro se, Bey has filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254." [Doc. No. 1].[1] Although Bey has styled his petition as one arising under 28 U.S.C. § 2254, that section's provisions do not apply to pretrial detention. See Medberry v. Crosby, 351 F.3d 1049, 1059-61 (11th Cir. 2003). Because Bey is pro se, the undersigned has construed his petition liberally and treated it as seeking relief under 28 U.S.C. § 2241. For the following reasons, the undersigned recommends that Bey's petition be dismissed.

---

[1] Bey earlier filed three frivolous actions to remove state criminal proceedings against him to federal court. See Bogan v. Georgia, No. 1:12-CV-636-TWT (N.D. Ga. Feb. 27, 2012) (listing prior cases). Bey also earlier filed two other meritless lawsuits. See Bey v. Johnson Freeman, LLC, No. 1:10-CV-1426-TWT (N.D. Ga. May 11, 2010); Bey v. Barrie, No. 1:10-CV-1321-TWT (N.D. Ga. Apr. 30, 2010).

Bey states that he "seeks review of the pre-conviction detention based on violations of the Constitution of the United Staets and its laws." [Doc. No. 1 at 1]. But, over the remaining six pages of his petition, he adds no allegations that plausibly state such a violation. For example, Bey "declare[s] [his] intent to expatriate from the United States" where "United States as used here in this document means the Corporate United States . . . as a for profit commercial enterprise." [Id. at 2]. He states that he "never was a citizen of the U.S. because of the ruling in Dred Scott vs. Sanford 1857." [Id. at 3]. Bey states that he is "not a statutory 'person' or juristic 'person,'" but rather a "living being upon the land and on the soil . . . domicile[d] on the overlay of the Republic otherwise known as Georgia" who is a "'Foreign Ambassador' and 'Minister' of a forei[g]n State called Heaven." [Id. at 4]. As such, he "claim[s] the protections afforded . . . pursuant [to] the Foreign Sovereign Immunities Act," although he also "pledge[s] allegiance to the United States of America, for which it stands as a Republic as One Notion Under God indivisible, with freedom and justice for all." [Id. at 5 (word order, capitalization, and spelling unchanged)]. Finally, Bey demands that any "injured party must rebut all affidavits presented by [him] and stipulate to admit answers into evidence in order to remove

2

judicial discretion to filter such evidence out of the record."
[Id. at 6].

Because none of Bey's declarations or demands states a ground for relief under 28 U.S.C. § 2241, the undersigned **RECOMMENDS** that his habeas petition [Doc. No. 1] be **DISMISSED**. The undersigned further **RECOMMENDS** that (1) Bey's motion requesting that this Court write a letter to the Fulton County Jail Law Library ordering that he be granted access [Doc. No. 3] be **DENIED AS MOOT**;[2] and (2) his motion for a "Writ in the Nature of Motion to Vacate Void Judg[]ment/Order" [Doc. No. 6], which requests that this Court overturn certain state court rulings, be **DENIED**.[3]

The undersigned further **RECOMMENDS** that Bey be denied a Certificate of Appealability because he has not made a

---

[2] Bey submitted a copy of an Order dated June 26, 2012, issued by a Fulton County Superior Court judge that already provides: "**IT IS HEREBY ORDERED that the Defendant James Bogan be given immediate and unfettered access to the Law Library at the Fulton County Jail.**" [Doc. No. 6 at 9 (emphasis in original)].

[3] See, e.g., Exxon-Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005) (the Rooker-Feldman doctrine bars suits brought by "state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); see also Alvarez v. Atty. Gen. of Fla., 679 F.3d 1257, 1262-63 (11th Cir. 2012) (elaborating on the Rooker-Feldman doctrine.

substantial showing of the denial of a constitutional right. See 28 U.S.C. 2253(c)(2); see also 28 U.S.C. foll. § 2254, Rules 1(b) & 11.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 16th day of August, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)